UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| EDWARD RHODES,<br><br>      Plaintiff,<br><br>v.<br><br>MALACO, INC.<br><br>      Defendant. | CASE NO: 1:25-cv-02463<br><br>JURY TRIAL REQUESTED |

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff EDWARD RHODES, by and through his undersigned counsel, brings this Complaint against Defendant MALACO, INC. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff EDWARD RHODES ("Rhodes") is an individual currently residing in Atlanta, Georgia, who brings this action for failure of a copyright co-owner to account for and share profits.

2. Defendant MALACO, INC. ("Malaco") is a corporation which owns and operates a series of music labels and publishing groups with a focus on contemporary southern R&B, soul, and gospel music. Malaco is home to many recording artists and songwriters and hosts a catalog of thousands of original recordings and song copyrights. The Malaco umbrella includes at least eleven record labels, seventeen distribution labels, and at least thirty music publishing companies. One of these music publishing companies is Savgos Music, Inc.

3. Rhodes and Malaco entered into a contractual relationship related to the co-ownership of musical compositions, and the administration of those musical compositions throughout the world.

4. Malaco breached its co-authorship responsibilities with Rhodes by failing to provide statements to Rhodes, and by failing to pay portions of gross receipts due to Rhodes on license fees obtained for the publication of multiple musical compositions co-owned by Rhodes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states, and the amount in controversy exceeds $75,000.

6. Rhodes and Malaco are subject to personal jurisdiction in New York, according to the forum selection clause in the contractual agreement between them (the "Agreement").

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

8. Venue is proper in this district as the Agreement was entered into in the State of New York, is governed by the laws of the State of New York, and is performed entirely within the State of New York.

9. The Parties contractually agreed that New York courts will have jurisdiction of any controversies regarding the disputes stemming from the Agreement between them, and that any action or other proceeding which involves a controversy will be brought in the courts located within the state of New York, and not elsewhere.

## DEFENDANT

10. Malaco is a corporation formed and existing under the laws of the State of Mississippi, with its principal place of business at 3023 West Northside Drive, Jackson,

Mississippi, 39213. It can be served by serving its Registered Agent, Thomas J. Crouch, Jr., at 3023 West Northside Drive, Jackson, Mississippi, 39213.

## FACTUAL BACKGROUND

11. In 1988, Rhodes began producing musical compositions for a gospel music group, *The Anointed Pace Sisters*, wherein he was the sole copyright owner of musical compositions written for and performed by the Anointed Pace Sisters.

12. In 1989, Rhodes produced and recorded two musical compositions entitled "Jesus Loves Me So," and "Be A Fence," of which he was the sole copyright owner.

13. On November 26, 1991, Rhodes (through his sole proprietorship name Paesis Music) and Malaco (through its d/b/a name Savgos Music, Inc.) entered into an agreement (**Exhibit 1**, the "Agreement") wherein Rhodes and Malaco would be the co-owners of "Jesus Loves Me So," and "Be A Fence," as well as two additional musical compositions named "All in Christ," and "Safety Zone," which were produced and recorded after the Agreement, in 1992.

14. The musical compositions "Jesus Loves Me So," "Be A Fence," "All in Christ," and Safety Zone" are collectively referred to herein as the "Compositions."

15. In the Agreement, Rhodes and Malaco agreed to be joint owners of the Compositions, each party owning 50% of the rights to the Compositions.

16. In the Agreement, Rhodes and Malaco agreed to share the net income Malaco received from its worldwide administration of the Compositions.

17. Malaco had a duty to account to Rhodes for any profits obtained from the exploitation of the Compositions. In the Agreement, Malaco agreed to provide Rhodes with semi-annual reports of monies payable to Rhodes according to the terms of the Agreement.

18. As of the date of this filing, Malaco continues to actively distribute, sell, and license the Compositions to the public, and profit from those activities.

19. In the Agreement, Rhodes and Malaco agreed that "The Compositions shall be registered for copyright by Company in the names of Company and Co-Publisher in the office of the Register of Copyrights of the United States of America."

20. In October 2022, Rhodes discovered that Malaco registered the Compositions with the Copyright office, but failed to list Rhodes as a co-owner of the Compositions. A copy of the public record from the Copyright Office is attached as **Exhibit 2**.[1]

## COUNT I
## BREACH OF CO-AUTHORSHIP DUTIES UNDER THE AGREEMENT

21. Rhodes incorporates the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Malaco entered into a valid and enforceable co-ownership Agreement with Rhodes.

23. The Agreement provided that "[Rhodes and Malaco] shall jointly own the Compositions, so that fifty percent (50%) of [Malaco's] worldwide right, title, and interest, including the copyright, the right to copyright, and the renewal right, if any, therein and thereto, shall be owned by [Malaco], and fifty percent (50%) thereof shall be owned by [Rhodes]."

24. Rhodes and Malaco are co-owners of the Compositions.

25. Malaco was obligated to provide complete and accurate semi-annual reports along with applicable payments to Rhodes for its share of the amounts received during those time periods, as related to the Compositions.

---

[1] The Registration record from the Copyright Office is also available for public view at https://publicrecords.copyright.gov/detailed-record/12892115.

26. The Agreement provided that "[Malaco] shall pay to [Rhodes] fifty percent (50%) of the net income of the Compositions. 'Net income', as used herein, shall mean the gross receipts actually received and derived by [Malaco] from the Compositions, less [10% gross for fees, royalties payable to the writer, and other miscellaneous fees and costs of administration]."

27. The Agreement further explained that "[s]tatements as to monies payable hereunder shall be sent by [Malaco] to [Rhodes] semi-annually within ninety (90) days after June 30th and December 31st of each year."

28. Malaco had a fiduciary duty to Rhodes to account the monies payable to Rhodes.

29. Malaco obtained profits from its exploitation of the Compositions.

30. Malaco failed to provide semi-annual reports to Rhodes.

31. Malaco breached its fiduciary duty to Rhodes by failing to provide the semi-annual reports to Rhodes.

32. Rhodes has been damaged by Malaco's breach of its fiduciary duty.

## COUNT II
## BREACH OF FINANCIAL OBLIGATIONS UNDER THE AGREEMENT

33. Rhodes incorporates the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

34. The Agreement provided that "[Malaco] shall pay to [Rhodes] fifty percent (50%) of the net income of the Compositions. 'Net income', as used herein, shall mean the gross receipts actually received and derived by [Malaco] from the Compositions, less [10% gross for fees, royalties payable to the writer, and other miscellaneous fees and costs of administration]."

35. The Agreement further provided that the semi-annual statements of monies payable under the Agreement "shall be accompanied by appropriate payments."

36. Malaco failed to provide semi-annual reports to Rhodes.

37. Malaco obtained profits from its exploitation of the Compositions.

38. Malaco failed to pay Rhodes his share of any gross receipts received since the Agreement was signed. This failure to pay Rhodes continues through the date of this filing.

39. Rhodes has been damaged in the amount of the missing payments, which as of date of this filing, are unknown in total, but exceed $75,000.

## COUNT III
## DECLARATORY JUDGMENT OF CO-OWNERSHIP OF COPYRIGHT

40. Rhodes incorporates the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

41. Rhodes brings this action for a declaratory judgment declaring that Malaco is not the sole owner of copyright in the Compositions as indicated on the registration records at the Copyright Office.

42. Rhodes and Malaco agreed that the Compositions would be registered in both Rhodes' and Malaco's names.

43. Malaco failed to register the copyrights in the Compositions with Rhodes listed as a co-owner of the Compositions.

44. There is an actual and substantial controversy between Plaintiff and Defendant arising under federal copyright law, 17 U.S.C. §§ 101 et seq.

45. A judicial declaration is necessary and appropriate so that Rhodes' copyright ownership in the Compositions can be reflected in the records of the Copyright Office.

## COUNT IV
## ACCOUNTING

46. Rhodes incorporates the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein

47. As joint owners of the Compositions, Malaco has a duty to account to Rhodes for a share of the profits realized from Malaco's use of the Compositions.

48. Malaco has failed and refused to account to Rhodes for a share of the profits realized from Malaco's use of the Compositions.

49. Rhodes is entitled to an accounting from Malaco.

WHEREFORE, Plaintiff Rhodes prays for judgment against Defendant Malaco that:

a. Defendant Malaco provide an accounting of all profits it has received from Malaco's use of the Compositions;

b. Plaintiff be awarded damages pursuant to the Agreement;

c. The Court enter a declaratory judgment that Rhodes and Malaco are co-owners of copyright in the Compositions, and order Malaco to correct the copyright registrations at the Copyright Office to reflect that the parties are co-owners;

d. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

e. Plaintiff be awarded pre- and post-judgment interest; and

f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 25, 2025

Respectfully submitted,

/s/ *Jordan I. Abisror*
JORDAN I. ABISROR
Bar Number: 6139190
jordan.abisror@sriplaw.com

JOSEPH A. DUNNE (JD0674)
Joseph.dunne@sriplaw.com

REBECCA A. KORNHAUSER
Bar Number: 6174387
Rebecca.kornhauser@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue, 25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Rhodes*